Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ZORALYS CORTÉS FELICIANO<br><br>Recurrida<br><br>v.<br><br>COOPERATIVA DE FARMACIAS PUERTORRIQUEÑAS<br><br>Peticionaria | KLCE202300832 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguada<br><br>Sobre: Despido Injustificado (Ley Núm. 80)<br><br>Caso Número: AU2021CV00155 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

La parte peticionaria, Cooperativa de Farmacias Puertorriqueñas (Coopharma), comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala Superior de Aguada, el 26 de abril de 2023, notificada el 2 de mayo del mismo año. Mediante la misma, el foro primario declaró *No Ha Lugar* la *Moción de Sentencia Sumaria* promovida por la parte peticionaria, ello dentro de una acción civil sobre discrimen, represalias, despido constructivo y acoso laboral incoada por la parte aquí recurrida, Zoralys Cortés Feliciano.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 31 de marzo de 2021, la parte recurrida presentó la demanda de epígrafe. En el pliego, alegó que, el 14 de febrero de 2017, comenzó a trabajar en Coopharma, la aquí peticionaria, en la posición de contable. Detalló que, mientras ocupaba dicha posición, estuvo embarazada durante el periodo de octubre de 2019 a junio

Número Identificador

RES2023 _____

de 2020, aproximadamente.[1] Destacó que, poco después de haber regresado de su licencia de maternidad, se llevó a cabo una reunión, en la cual Heriberto Ortiz, director ejecutivo de Coopharma, y la Lcda. Vanessa Alvarado Gotay la amonestaron por un alegado acto de insubordinación ocurrido el 15 de marzo de 2020. A su vez, expuso que, en la mencionada reunión, le cuestionaron su productividad durante el tiempo que estuvo embarazada y le abordaron una serie de ausencias reportadas en dicho término para asistir a citas médicas.

Además, la parte recurrida, sostuvo que, luego que cuestionó varias acciones tomadas por los gerenciales de Coopharma que estaban en contravención con los reglamentos internos de la corporación, el señor Ortiz dejó de copiarle los correos electrónicos sobre compra de materiales y de brindarle la información y documentación necesaria para llevar a cabo los contratos de servicios. Al respecto, detalló que luego de dichos cuestionamientos, el señor Ortiz le informó que, en adelante, las compras de materiales estarían a cargo del gerente de operaciones, la asistente ejecutiva y él. Arguyó que lo anterior tuvo el efecto de limitar sus funciones como contable de la mencionada compañía. Adujo, que, el 12 de febrero de 2021, no tuvo más opción que terminar su relación laboral con la parte peticionaria, tras haber sufrido represalias, acoso laboral y discrimen por razón de embarazo de parte de dicha compañía.

Posteriormente, el 2 de junio de 2021, la parte peticionaria presentó su alegación responsiva. En esencia, negó las imputaciones hechas en su contra. Especificó que la única amonestación que se le realizó a la recurrida fue por haberse negado a acudir a Coopharma el 15 de marzo de 2020, según las

---

[1] Véase, *Demanda*, Apéndice del recurso, pág. 2.

instrucciones impartidas. En cuanto al alcance de lo discutido en la reunión, afirmó, que, contrario a lo aducido, no se le cuestionó a la recurrida por las ausencias incurridas por razón de su embarazo, sino, que se abordó sobre una serie de ausencias reportadas para atender asuntos personales.

En cuanto al argumento de la recurrida sobre la limitación de sus funciones como contable de Coopharma, la peticionaria indicó que los correos electrónicos sobre compras de materiales solo se le descontinuaron mientras se encontraba en su licencia de maternidad. Ahora bien, afirmó que, una vez la recurrida se reincorporó a Coopharma, se le brindó información actualizada de todos los trabajos pendientes.

Por otra parte, la peticionaria sostuvo que la recurrida no demostró que su única alternativa era abandonar su cargo, como requiere el ordenamiento jurídico vigente sobre despido constructivo, por lo que debía concluirse que esta última renunció voluntariamente a su empleo.

Acontecidas múltiples incidencias no pertinentes a la controversia que nos ocupa, el 14 de diciembre de 2022, Coopharma presentó una *Moción de Sentencia Sumaria.*[2] En lo ateniente, reiteró que no existía controversia en cuanto a que la recurrida no demostró que su única alternativa fue abandonar su posición de contable. Afirmó, además, que no surgía que sus gerenciales impidieron que

---

[2] La parte peticionaria acompañó su *Moción de Sentencia Sumaria* con la siguiente prueba documental: Deposición de Zoralys Cortés Feliciano, la aquí recurrida, del 3 de agosto de 2022; Reporte de Separación de la recurrida de Pharma Max con fecha del 23 de junio de 2021 [*sic*]; Evaluación de Desempeño de la recurrida en Pharma Max del 26 de mayo de 2021; Certificado de Registro de Comerciante de Frappelados, emitido el 17 de abril de 2020; Carta de renuncia de la recurrida con fecha del 12 de febrero de 2021; Documento intitulado *Acción Correctiva Documentada al Expediente del Empleado* con fecha del 21 de agosto de 2020; Mensajes de texto entre la recurrida y el señor Ortiz. Carta del 25 de agosto de 2020 dirigida al señor Ortiz, suscrita por la recurrida; Carta del 11 de febrero de 2021 dirigida a la recurrida, suscrita por el señor Ortiz; Mensajes de texto entre el señor Ortiz y la recurrida del 11 de febrero de 2021; Orden Ejecutiva Núm. 2020-023, emitida el 15 de marzo de 2020, por la Gobernadora, Wanda Vázquez Garced; Deposición del señor Ortiz del 7 de septiembre de 2022.

la recurrida laborara en un ambiente adecuado o que incurrieron en acciones arbitrarias e irrazonables. A tenor con ello, sostuvo que una única amonestación escrita no justificaba que la recurrida hubiera renunciado a su empleo.

De igual forma, indicó que en ningún momento se afectaron los términos y condiciones del empleo de la recurrida por razón de su embarazo, y que, una vez concluida su licencia de maternidad, fue reinstalada a su puesto. Alegó, a su vez, que la recurrida no participó de ninguna actividad protegida bajo la Ley Núm. 115-1991, mejor conocida como la Ley de Represalias, 29 LPRA sec. 194, *et seq.*, puesto que los cuestionamientos de esta fueron realizados en el curso de gestiones inherentes al puesto que ocupaba. Expuso, además, que no surgía que los gerenciales de Coopharma incurrieron en humillaciones, burlas o intimidaciones, ni que crearon un riesgo a la salud o integridad de la recurrida, por lo que no se había configurado una causa de acción al amparo de la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley Núm. 90-2020, 29 LPRA sec. 3111, *et seq.* Así, solicitó al Tribunal de Primera Instancia la desestimación de la acción de epígrafe.

El 10 de enero de 2023, la parte recurrida presentó su escrito en *Oposición a Moción de Sentencia Sumaria.*[3] En el escrito reprodujo

---

[3] La parte recurrida, acompañó su *Oposición a Moción de Sentencia Sumaria* con la siguiente prueba documental: Deposición de la recurrida del 3 de agosto de 2022; Correo electrónico del 11 de febrero de 2020, enviado por la recurrida al señor Ortiz; Orden Ejecutiva Núm. 2020-023, emitida el 15 de marzo de 2020, por la Gobernadora, Wanda Vázquez Garced; Mensajes de texto entre la recurrida y el señor Ortiz; Deposición del señor Ortiz del 7 de septiembre de 2022; Correos electrónicos entre el señor Ortiz y la recurrida del 15 de marzo de 2020 y 22 de agosto del mismo año; Correo electrónico del 14 de marzo de 2020, enviado por la recurrida a la Lcda. Elda Sierra; Correo electrónico del 14 de marzo de 2020, enviado por el señor Ortiz a la recurrida; Correo electrónico del 14 de marzo de 2020, enviado por la recurrida al señor Ortiz; Resolución de la Junta de Coopharma con fecha del 13 de mayo de 2020; Información general de Coronavirus Supplies and Materials, LLC, recopilada del Registro de Corporaciones y Entidades; Certificado de Organización de Coronavirus Supplies and Materials, LLC, emitido el 13 de mayo de 2020; Correo electrónico del 1 de abril de 2020, enviado por la recurrida al señor Ortiz; Correo electrónico del 6 de abril de 2020, enviado por la recurrida a Lilliam D. Candelaria y Marilyn L. Pérez Chacón, copiado al señor Ortiz; Correo electrónico del 17 de abril de 2020, enviado por la recurrida a la señora Candelaria, Claribel Arocho y al señor Ortiz, copiado a la señora Pérez Chacón; Correo electrónico del 17 de abril de 2020, enviado por el señor Ortiz a la recurrida; Correo electrónico del 17 de abril de 2020, enviado

sus previas contenciones y reiteró que el señor Ortíz la amonestó en más de una ocasión. En específico, indicó que las reprimendas se hicieron luego de que le cuestionó a la Junta de Directores por varias acciones llevadas a cabo por los gerenciales de Coopharma. Entre ellas, destacó que le indicó al señor Ortiz que había un posible conflicto de interés con la contratación de un empleado que era hijo de un suplidor y que refutó unas compras a suplidores que no estaban incorporados. Expuso que, luego de realizar los referidos señalamientos, cuando solicitaba los documentos requeridos para la aprobación de las compras, se le negaban. Arguyó que lo anterior tuvo el efecto de crear un ambiente de trabajo tan hostil, por lo que no tuvo otro remedio que renunciar a su posición en Coopharma.[4] A tenor con lo anterior, arguyó que existía controversia sobre si el señor Ortiz, a consecuencia de dichos cuestionamientos, la removió de sus funciones como contable y le limitó el acceso a información que era vital para realizar su trabajo. A su vez, adujo que existía disputa sobre si las actuaciones en su contra por parte de los funcionarios de Coopharma ocasionaron un despido constructivo.

Por otra parte, la recurrida insistió en su escrito que, en la reunión llevada a cabo el 20 de agosto de 2020, el señor Ortíz y la Lcda. Alvarado Gotay, además de abordar el alegado acto de insubordinación del 15 de marzo de 2020, le cuestionaron por su productividad y ausencias durante el tiempo que estuvo embarazada. A tenor con ello, arguyó que existía disputa sobre si dichas acciones constituyeron represalias o hostigamiento laboral, o si, en la alternativa, la impulsaron a no tener más opción que

---

por la recurrida al señor Ortiz; Carta del 25 de agosto de 2020 dirigida al señor Ortiz, suscrita por la recurrida; Correo electrónico del 25 de agosto de 2020, enviado por el señor Ortiz a la recurrida; Correo electrónico del 4 de noviembre de 2020, enviado por el señor Ortiz a la recurrida; Correo electrónico del 4 de noviembre de 2020, enviado por la recurrida al señor Ortiz; Correo electrónico del 28 de octubre de 2020, enviado por la recurrida al señor Ortiz; Correo electrónico del 18 de diciembre 2020, enviado por el señor Ortiz a la recurrida; Entradas del diario de la recurrida del 21 de agosto del 2020 y 26 de agosto de 2020; Capturas de pantalla del perfil de Coopharma en connectzoho.com.
[4] Véase, *Oposición a Moción De Sentencia Sumaria*, Apéndice del recurso, pág. 123.

renunciar a su posición en la mencionada empresa. En virtud de lo anterior, peticionó que se denegara la solicitud de sentencia sumaria promovida por la peticionaria.

Tras entender sobre los respectivos argumentos de las partes, el 26 de abril de 2023, notificada el 2 de mayo del mismo año, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* recurrida. Mediante la misma, desestimó las causas de acción de represalias y de despido al amparo de la Ley de Protección de Madres Obreras, Ley Núm. 3 del 13 de marzo de 1942, 29 LPRA 467, *et seq.* (Ley 3). El tribunal primario, basó su determinación, en que los cuestionamientos realizados por la recurrida se hicieron en el curso de sus funciones como contable, por lo cual no eran expresiones protegidas por la Ley de Represalias, *supra*. A su vez, el tribunal *a quo* expresó que era un requisito esencial para la aplicación de la Ley 3, *supra*, que la mujer hubiera sido despedida durante su embarazo. Indicó que surgía que la recurrida disfrutó de su licencia de maternidad y que los términos de su contrato no se habían afectado por razón de su embarazo.

No obstante, el tribunal primario no descartó que la Ley 3, *supra*, pudiese aplicar por razón de discrimen, dado a que existía controversia sobre si el señor Ortiz le llamó la atención a la recurrida por su productividad durante su embarazo y por las ausencias incurridas durante ese término. A su vez señaló que había disputa sobre si los cuestionamientos realizados por recurrida fueron la razón por la que el señor Ortiz le limitó sus tareas como contable y la privó de información necesaria para realizar sus funciones, o si, por el contrario, se le privó a la recurrida de sus funciones como contable por razón de su productividad mientras estaba embarazada. Así pues, bajo tales fundamentos, declaró *No Ha Lugar la Moción de Sentencia Sumaria* promovida por la peticionaria y ordenó la continuación de los procedimientos con relación a las

causas de acción de despido injustificado, acoso laboral y discrimen al amparo de la Ley 3, *supra.*

Inconforme, el 5 de mayo de 2023, la parte peticionaria presentó *Moción de Reconsideración.* En específico, solicitó que se reconsiderara la determinación sobre la reclamación al amparo de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a, *et seq.* (Ley 80).

Evaluada la solicitud, el 23 de junio de 2023, notificada el 30 del mismo mes y año, el tribunal primario declaró *No Ha Lugar* la reconsideración. Particularmente, expresó que la recurrida demostró que, en varias ocasiones, se limitó el acceso a información pertinente a su posición y se le impidió que realizara labores propias de sus funciones. Conforme a lo anterior, el tribunal primario justipreció que podría concluirse que la recurrida no renunció voluntariamente a su empleo y que dicha renuncia fue promovida por su patrono. No obstante, señaló que la parte peticionaria aún tenía oportunidad de controvertir lo anterior.

Aún en desacuerdo, el 26 de julio de 2023, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari* y nos solicita que revisemos únicamente la determinación interlocutoria del tribunal *a quo,* en la cual declaró sin lugar la desestimación sumaria de la causa de acción de despido injustificado. A tales efectos, formula los siguientes señalamientos:

> Erró el TPI al no dictar sentencia sumaria en este caso en relación con la reclamación de despido constructivo.
>
> Erró el TPI al no adjudicar que procedía desestimar la acción de despido constructivo por no estar presentes los elementos constitutivos de la misma.

**II**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos*

*Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ____ (2023); *Mcneil Healthcase v. Mun. Las Piedras II*, 206 DPR 659 (2021); 800 *Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari*, se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.,* supra. Su más adecuado ejercicio está inexorablemente atado al

concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *García v. Asociación*, 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

### III

Un examen detallado de los documentos que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto al pronunciamiento emitido por el tribunal primario. Sabido es que la sentencia sumaria es un mecanismo adjudicativo de naturaleza extraordinaria, sujeta a determinadas formalidades impuestas por ley, que propende a la celeridad en la disposición de los asuntos sometidos a la consideración de la maquinaria judicial. *Oriental Bank v. Caballero García,* 2023 TSPR 103, 212 DPR ___ (2023); *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros*; 2023 TSPR 80, 212 DPR ___ (2023); *Universal Insurance Company y otros v. Estado Libre Asociado de Puerto Rico y otros*, 2023 TSPR 24, 211 DPR ___ (2023); *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1024 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Savary et al. v. Mun. De Fajardo et al.,* 198 DPR 1014, 1030 (2017). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión*, 178 DPR 200, 220 (2010). La legitimidad de su empleo está supeditada a la efectiva inexistencia de controversia

alguna sobre los hechos medulares de la causa de acción de que trate, ello a la luz de la prueba documental sometida a la consideración del Juzgador por parte de quien propone la moción correspondiente, así como de quien se opone a la misma. Por tanto, compete al tribunal examinar toda la evidencia habida ante sí, de modo tal que pueda concluir que solo resta disponer de cuestiones puramente normativas. *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004)*; Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617 (1990). Ahora bien, dictar sentencia sumaria en un caso es una facultad propia a la discreción del adjudicador, a los fines de evitar que se prive a una persona de su derecho a tener su día en corte. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 451-452 (2013); *Ramos Pérez v. Univisión,* supra; *Roig Com. Bank v. Rosario Cirino,* supra. Así, de no quedar clara la total inexistencia de controversias de hechos materiales, el foro *a quo* está llamado a no preterir el cauce ordinario de los procedimientos. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Al entender sobre la prueba que compone el expediente de autos *de novo*, conforme a *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100, 118 (2015), advertimos que ningún criterio jurídico particular justifica que dejemos sin efecto la determinación recurrida. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido haya incurrido en error de derecho o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al Tribunal de Primera Instancia en la materia que atendemos, por lo que, ante ello, no resulta preciso que intervengamos.

En su gestión, la sala de origen resolvió que controversias sustanciales de hechos requerían disponer del asunto mediante el cauce ordinario de los procedimientos, ello a fin de poder declarar adecuadamente de los respectivos derechos y obligaciones de las aquí comparecientes a la luz de la normativa vigente sobre despido injustificado, acoso laboral y discrimen en el empleo. En particular, surge que la parte recurrida sustentó con evidencia que el señor Ortiz le limitó el acceso a información pertinente y le impidió que realizara labores inherentes a sus funciones de contable. Sabido es que la Ley 80, *supra*, por ficción de ley, equipara una renuncia involuntaria a un despido. *León Torres v. Rivera Lebrón*, 204 DPR 20, 50 (2020). A pesar de que ni el mencionado estatuto, ni la jurisprudencia interpretativa, fijan concretamente que constituye una renuncia involuntaria, si un empleado logra demostrar que la reducción de funciones inherentes a su posición produjo un ambiente de empleo intolerable, a tal nivel que la única alternativa razonable era renunciar, se podría configurar una causa de acción por despido constructivo. *Íd.,* págs. 37-39.

Así pues, tomando en consideración la relación fáctica expuesta, y acorde con el ejercicio adecuado de nuestra facultad discrecional, denegamos expedir el auto solicitado, en virtud de los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

### IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones